KIMBERLY AROUH (Cal. Bar No. 163285)
kimberly.arouh@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
600 West Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone:  619 685 1961
Fax:            619 702 3898

Attorneys for Defendant and Third-Party Plaintiff
Senior Operations, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM COX, individually by and through his durable power of attorney, VICTOR COX, and on behalf of himself and others similarly situated; MARIA OVERTON, individually and on behalf of herself and others similarly situated; JORDAN YATES, individually, and on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMETEK, INC., a Delaware corporation; THOMAS DEENEY, individually; SENIOR OPERATIONS LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00597 GPC-AGS<br><br>**SENIOR OPERATIONS, LLC'S THIRD-PARTY COMPLAINT FOR:**<br>**(1) INDEMNITY;**<br>**(2) EQUITABLE CONTRIBUTION;**<br>**(3) DECLARATORY RELIEF**<br><br>**JURY DEMAND**<br><br>Action Filed : March 24, 2017<br>Trial Date   :   None.<br><br>Judge:        Hon. Gonzalo P. Curiel<br>Courtroom:  2D (2nd Floor - Schwartz)<br>Magistrate: Hon. Andrew G. Schopler<br>Courtroom: 5C (5th Floor - Schwartz) |
| SENIOR OPERATIONS, LLC, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>GREENFIELD MHP ASSOCIATES, L.P., a California limited partnership; KORT & SCOTT FINANCIAL GROUP, LLC, a California limited liability company; TUSTIN RANCH PARTNERS, INC., a California corporation; SIERRA CORPORATE MANAGEMENT, INC., a California corporation; VILLA CAJON MHC, L.P., a Utah limited partnership; | |

1  KMC CA MANAGEMENT, LLC, a Utah limited liability company; KINGSLEY
2  MANAGEMENT CORP., a Utah corporation; STARLIGHT MHP, LLC, is a
3  California limited liability company; and ROES 101-200, inclusive,
4  Third-Party Defendants.

6  Defendant and Third-Party Plaintiff SENIOR OPERATIONS, LLC ("Senior") files this Third-Party Complaint for indemnity, equitable contribution and declaratory relief against Third-Party Defendants Greenfield MHP Associates, L.P. ("Greenfield"), Kort & Scott Financial Group, LLC ("Kort & Scott"), Tustin Ranch Partners, Inc. ("Tustin"), Sierra Corporate Management, Inc. ("Sierra"), Villa Cajon MHC, L.P. ("Villa Cajon"), KMC CA Management, LLC ("KMC"), Kingsley Management Corp. ("Kingsley"), Starlight MHP, LLC ("Starlight"), and ROES 101-200, as follows:

## PARTIES

1. Third-Party Plaintiff Senior is a Delaware limited liability company with its principal place of business in Illinois, and is a named defendant in the above-captioned matter.

2. Senior is informed and believes that Third-Party Defendant Greenfield is a California limited partnership organized and existing under the laws of California, and does business in San Diego County, California.

3. Senior is informed and believes, and on that basis alleges, that Kort & Scott is a California limited liability company that does business in San Diego County, California. Senior is informed and believes, and on that basis alleges, that Kort & Scott is a partner, owner, joint venturer, affiliate, subsidiary or agent of Greenfield, Third-Party Defendant Tustin, or other Greenfield Third-Party Defendants, as defined below.

4. Senior is informed and believes, and on that basis alleges, that Tustin is a California corporation that does business in San Diego County, California, and is the

1 general partner of Greenfield.

2   5.   Senior is informed and believes, and on that basis alleges, that Sierra is a California corporation with its primary place of business in California. Senior is informed and believes, and on that basis alleges, that Sierra is the manager of Greenfield Mobile Home Park, located at 400 Greenfield Drive, El Cajon, California (the "Greenfield Park"), which is owned by Greenfield.

   6.   Collectively, Greenfield, Kort & Scott, Sierra, and Tustin are at times referred to hereafter as "the Greenfield Third-Party Defendants."

   7.   Senior is informed and believes that Third-Party Defendant Villa Cajon is a Utah limited partnership that does business in San Diego, and which has its principal place of business in San Diego County. Villa Cajon owns Villa Cajon Mobile Home Estate (the "Villa Cajon Park"), located at 255 E. Bradley Avenue, El Cajon, CA 92021.

   8.   Senior is informed and believes, and on that basis alleges, that Third-Party Defendant KMC is a Utah limited liability company, which does business in San Diego, and which has its principal place of business in San Diego County.

   9.   Senior is informed and believes, and on that basis alleges, that Third-Party Defendant Kingsley is a Utah corporation, which does business in San Diego, and which has its principal place of business in San Diego County.

   10.   Collectively, Villa Cajon, KMC, and Kingsley are at times referred to hereafter as "the Villa Cajon Third-Party Defendants."

   11.   Senior is informed and believes, and on that basis alleges, that Third-Party Defendant Starlight is a California limited liability company, which does business in San Diego, California, and which has a principal place of business in Anaheim, California.

   12.   Collectively, Starlight, Sierra, Kort & Scott, and Tustin are at times referred to hereafter as "the Starlight Third-Party Defendants."

13. Senior is informed and believes that Starlight owns in whole or in part Starlight Mobile Home Park, located at 351 E. Bradley Avenue, El Cajon, CA 92021 (the "Starlight Park").[1]

14. Senior is informed and believes, and on that basis alleges, that the Starlight Park is presently operated by one or more of the Starlight Third-Party Defendants.

15. The Greenfield Third-Party Defendants, the Villa Cajon Third-Party Defendants, the Starlight Third-Party Defendants and ROES 101 through 200, are at times referred to hereafter as "the Third-Party Defendants."

16. Senior is presently unaware of the true names and capacities of Third-Party Defendants named herein as ROES 101 through 200, inclusive, and Senior will seek leave of court to amend the Third-Party Complaint to allege their true names and capacities after the same have been ascertained.

17. Senior is informed and believes, and on that basis alleges, that at all times herein mentioned, the Third-Party Defendants, and/or ROES 101 through 200, inclusive, and each of them, individuals and/or business entities of unknown form, are responsible, directly or vicariously, for the events and happenings herein referred to and caused, and for any damages sustained by Senior herein.

18. Senior is informed and believes, and based thereon alleges, that at all times mentioned herein, the Third-Party Defendants and/or ROES 101 through 200, and each of them, were agents, servants, representatives, co-venturers and/or employees of each of the others and were acting at all times mentioned herein within the course and scope of said agency, agreements, common purposes and/or employment.

---

[1] The Greenfield Park, Villa Cajon Park, and Starlight Park shall be collectively referred to hereafter as "the Parks."

19. Senior is informed and believes, and based thereon alleges, that at all times mentioned herein, the Greenfield Third-Party Defendants and/or ROES 101 through 200, inclusive and each of them individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by Senior herein.

20. Senior is informed and believes, and based thereon alleges, that at all times mentioned herein, the Villa Cajon Third-Party Defendants and/or ROES 101 through 200, inclusive and each of them individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by Senior herein.

21. Senior is informed and believes, and based thereon alleges, that at all times mentioned herein, the Starlight Third-Party Defendants and/or ROES 101 through 200, inclusive and each of them individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by Senior herein.

## JURISDICTION AND VENUE

22. The court has jurisdiction over this Third-Party Complaint under 28 U.S.C. §1332(a)(1) because Senior and the Third-Party Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

23. The court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), because diversity of citizenship exists between Defendants and one or more members of the putative class, and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. CAFA provides for minimal diversity of citizenship where "any member of a class of

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

24. The court has supplemental jurisdiction under 28 U.S.C. §1367 over this Third-Party Complaint because such claims are so related to the claims within the court's exercise of jurisdiction with respect to Plaintiffs' FAC that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

25. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because a substantial part of the property at issue is situated in this district.

## GENERAL ALLEGATIONS

26. In the First Amended Complaint ("FAC"), Plaintiffs ADAM COX, by and through his attorney-in-fact, VICTOR COX, MARIA OVERTON, and JORDAN YATES (jointly, "Plaintiffs") both individually and purportedly on behalf of those persons similarly situated, have alleged they are residents of the Villa Cajon Park and/or the Greenfield Park, and purport to be representatives of a class of residents of the Parks.

27. Plaintiffs allege that Senior owns and operates an aerospace manufacturing facility at 790 Greenfield Drive, El Cajon, California (the "Facility").

28. In the FAC, Plaintiffs also allege that Senior's predecessors disposed of waste in a manner that caused a chemical plume to form underneath Plaintiffs' residences, and that "groundwater is continuously contaminated by toxic chemicals underneath and on [the Facility], thereby continuously trespassing and causing a known and continuous nuisance." In its Answer and Affirmative Defenses to the FAC, Senior denies, *inter alia*, that is liable to Plaintiffs in any respect.

29. Senior is informed and believes, and on that basis alleges, that at some point, Plaintiffs, and those they purport to state claims on behalf of, entered into an ownership, lease, rental, or similar agreement with one or more of the Greenfield

Third-Party Defendants, the Starlight Third-Party Defendants, and the Villa Cajon Third-Party Defendants, and/or their predecessors-in-interest, for purposes of occupying their homes at the Greenfield Park, the Villa Cajon Park, or the Starlight Park, respectively.

### The Greenfield Park

30.  Senior is informed and believes, and on that basis alleges, that Greenfield, either by itself, or through one or more of the Greenfield Third-Party Defendants, or a combination thereof, obtained a ground lease to the Greenfield Park in or around September 1993, which ground lease included an option to purchase the Greenfield Park.

31.  Senior is informed and believes, and on that basis alleges, that subsequent to obtaining the ground lease to the Greenfield Park, Sierra, either alone or in conjunction with one or more of the other Greenfield Third-Party Defendants, began to manage the Greenfield Park.  Senior is informed and believes, and on that basis alleges, that Sierra has managed the Greenfield Park at relevant times, and since 1993.

32.  Senior is informed and believes, and on that basis alleges, that Sierra is owned and/or operated by one or more of the other Greenfield Third-Party Defendants.

33.  Senior is informed and believes, and on that basis alleges, that in or around June 2004, one or more of the Greenfield Third-Party Defendants exercised the purchase option to acquire the Greenfield Park.

34.  Senior is informed and believes, and on that basis alleges, that as part of the acquisition of the Greenfield Park, one or more of the Greenfield Third-Party Defendants had the ability to pursue due diligence with respect to the target mobile home park property, namely the Greenfield Park.

35.  Senior is informed and believes, and on that basis alleges, that at or before the time of leasing and/or purchasing the Greenfield  Park, one or more of the

Greenfield Third-Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Greenfield Park which included and disclosed information with respect to environmental conditions impacting the Greenfield Park, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

### The Villa Cajon Park

36. Senior is informed and believes, and on that basis alleges, that the Villa Cajon Third-Party Defendants, either individually or by a combination thereof, purchased the Villa Cajon Park in or about late 2009 or early 2010. Senior is informed and believes, and on that basis alleges, that the Villa Cajon Park is now owned and operated by one or more of the Villa Cajon Third-Party Defendants.

37. Senior is informed and believes, and on that basis alleges, that at or before the time purchasing the Villa Cajon Park, one or more of the Villa Cajon Third-Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Villa Cajon Park which included and disclosed information with respect to environmental conditions impacting the Villa Cajon Park, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

### The Starlight Park

38. Senior is informed and believes, and on that basis alleges, that Starlight, either individually or in combination with other entities, purchased the Starlight Park in or about May 2015. Senior is informed and believes, and on that basis alleges, that the Starlight Park is now owned and operated by one or more of the Starlight Third-Party Defendants.

39. Senior is informed and believes, and on that basis alleges, that at or before the time of purchasing the Starlight Park, one or more of the Starlight Third-Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Starlight Park which included and

disclosed information with respect to environmental conditions impacting the Starlight Park, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

## Third-Party Defendants' Prior Notice of Environmental Conditions Related to Past Discharges at the Facility

40. Senior is informed and believes, and on that basis alleges, that one or more of the Third-Party Defendants, and/or their predecessors-in-interest, were put on actual, constructive or inquiry notice of environmental conditions related to the Facility and actual or potential impacts at the Parks from the plume alleged to emanate from the Facility. Such notice includes, but may not be limited to information available from the books and records maintained by the San Diego County Department of Health, the San Diego Regional Water Quality Control Board, or the California Department of Toxic Substances Control, which books and records related to the Facility and groundwater contamination allegedly arising from past discharges at the Facility, and which books and records were in whole or in part publicly accessible and available.

41. By way of one example, Senior is informed and believes, and on that basis alleges, that the San Diego Regional Water Quality Control Board ("Regional Board") issued one or more public notices, orders, memoranda, or letters regarding the Facility and groundwater contamination allegedly arising from past discharges at the Facility addressed to the Third-Party Defendants, and/or their predecessors-in-interest.

42. This includes a notice sent by the Regional Board to surrounding property owners, including each of the then-owners of the Parks of a pending "Containment Zone Application for Ketema, Inc." on or about January 12, 1999. That 1999 notice stated, in part:

> This letter is to inform you that the San Diego Regional Water Quality Control Board (Regional Board) is considering a request

> by Ketema, Inc. to designate a Containment Zone as the means to manage ground water pollution beneath and down gradient from their former facility located at 790 Greenfield Drive in El Cajon, California. […]
>
> As an owner of property within the affected area we would like to familiarize you with the history of this release and the actions taken thus far to abate the pollution conditions. Enclosed for your review is a Regional Board Staff Report (Attachment A) which describes the history of this release, impacts to the ground water basin, and the Containment Zone designation process.

43. Senior is informed and believes, and on that basis alleges, that one or a combination of the Third-Party Defendants, and/or their predecessors-in-interest actually received this 1999 notice from the Regional Board.

44. Senior is informed and believes, and on that basis alleges, that other notices were provided to property owners and residents located near the Facility over time which addressed the issue of past discharges at the Facility, including notices addressed to the Third-Party Defendants, and/or their predecessors-in-interest.

45. Senior is informed and believes, and on that basis alleges, that the Third-Party Defendants, and/or their predecessors-in-interest were on actual notice of the issue of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Parks.

46. Senior is informed and believes, and on that basis alleges, that one or more of the Greenfield Third-Party Defendants were the managers and ground lease holders of the Greenfield Park at the time of this 1999 notice from the Regional Board, and were put on actual or constructive notice of same.

47. Senior is informed and believes, and on that basis alleges, that the Greenfield Third-Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Greenfield Park upon acquisition of the Greenfield Park in or around 2004, if not before.

48. By way of one example, Senior is informed and believes, and on that basis alleges, that the Starlight Third-Party Defendants' predecessor-in-interest communicated with the Regional Board representatives beginning in 1999, and several times thereafter, regarding the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Starlight Park.

49. Senior is informed and believes, and on that basis alleges, that in or around 2009 the Starlight Third-Party Defendants' predecessor-in-interest granted permission for installation of a groundwater monitoring well at the Starlight Park in order for the investigation of the plume conditions to continue.

50. Senior is informed and believes, and on that basis alleges, that the Starlight Third-Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Starlight Park upon acquisition of the Starlight Park in or around 2015, if not before.

51. Senior is informed and believes, and on that basis alleges, that the Villa Cajon Third-Party Defendants were presented with documents during the pre-acquisition due diligence period which identified the Facility, and the matter of past discharges at the Facility, as well as the investigation of the underground plume, as well as the publicly-accessible and available records maintained by the relevant agencies addressing such investigation, including but perhaps not limited to one or more Phase I environmental assessments dated in or around 2008.

52. Senior is informed and believes, and on that basis alleges, that the Villa Cajon Third-Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Villa Cajon Park upon acquisition of the Villa Cajon Park in late 2009 or early 2010, if not before.

53. Senior is informed and believes, and on that basis, alleges that any reasonably prudent inquiry, based on the information known to each of the Starlight Third-Party Defendants, the Villa Cajon Third-Party Defendants, and the Greenfield Third-Party Defendants, and each of them, would have included the review of information regarding the Facility and the status of the investigation of the underground plume and impacts beneath the parks, which were known to the agencies and the surrounding community at and before the time of their respective acquisitions of such properties.

54. Senior is informed and believes and on that basis alleges that each of the Starlight Third-Party Defendants, the Villa Cajon Third-Party Defendants, and the Greenfield Third-Party Defendants, and each of them, learned of such facts regarding the underground plume and impacts beneath the parks, which were known to the agencies and the surrounding community at the time of their acquisitions of their respective Parks, or unreasonably failed to learn such facts by conducting inadequate due diligence.

**Third-Party Defendants' Failure and Refusal
to Notify Park Residents of Known Environmental Conditions**

55. Senior is informed and believes, and on that basis alleges, that the Third-Party Defendants, including the Greenfield Third-Party Defendants, the Villa Cajon Third-Party Defendants, and the Starlight Third-Party Defendants, and each of them, had a duty to reasonably conduct an investigation of their respective mobile home park properties prior to their respective acquisitions of same in order to alert them of any conditions that might affect such properties and their respective tenants.

56. On or about July 10, 2015, Greenfield, Villa Cajon, and Starlight filed a lawsuit against Senior, alleging claims for negligence, trespass and nuisance, among other things, arising from the groundwater plume alleged to emanate from the Facility and extend beneath their respective properties.

57. Senior is informed and believes, and on that basis alleges, that the Third-Party Defendants, and each of them, were aware of the facts providing the basis of such lawsuit prior to the filing thereof, since they each ostensibly approved of the filing of such lawsuit against Senior alleging property damages allegedly related to the plume.

58. Senior is informed and believes, and on that basis alleges, that none of the Third-Party Defendants, nor any of them, disclosed the filing of such lawsuit against Senior to the residents of their respective Parks at the time of filing or for a significant amount of time thereafter, amounting to nearly a year and a half after filing.

59. Senior is informed and believes, and on that basis alleges, that the Third-Party Defendants, and each of them, had a duty to deal honestly with Plaintiffs, and those similarly situated, in negotiating lease agreements and disclosing information or concerns which residents of their respective Parks would find material in deciding to live at such Parks.

60. Senior is informed and believes, and on that basis alleges, that the Third-Party Defendants, and each of them, failed and refused to timely disclose any concerns or issues regarding the potential impact of the alleged groundwater contamination emanating from the Facility on or below any of their respective Parks, despite possessing actual or constructive knowledge of same, prior to and/or in the course of dealing and contracting with Plaintiffs, and others, who reside or have resided at their respective Parks.

61. Due to such failures to disclose material facts in contracts with, or disclosures, notices, letters, advisements, dealings or otherwise to the residents of their respective mobile home parks, on or about March 24, 2017, Plaintiffs filed suit against Senior, and others, alleging Negligence, Gross Negligence, Private/Public Nuisance, and Trespass, allegedly arising from the soil and groundwater contamination emanating from the Facility.

# FIRST CAUSE OF ACTION

## (Equitable Indemnity)

## (Against All Third-Party Defendants and all ROES)

62. Senior refers to and incorporates herein by reference each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

63. Senior herein denies any wrongdoing or liability in connection with the matters complained of in the FAC; however, in the event and to the extent that Senior is found liable to Plaintiffs on such claims, such liability arises in whole or in part from the fraud, misrepresentation, acts, omissions, and/or fault of the Third-Party Defendants, and each of them, and/or ROES 101 through 200, and not as a result of the acts or omissions of Senior.

64. In the event and to the extent that Senior is found liable in connection to the matters complained of in the FAC, or to any other party in this action, such liability only arises by reason of the active and primary fault of the Third-Party Defendants, and each of them, and/or ROES 101 through 200, and each of them, and not due to the fault of Senior, whose fault, if any, is secondary and passive.

65. By reason of the foregoing, Senior is entitled to equitable indemnification and/or equitable contribution from the Third-Party Defendants, and each of them, including all ROES.

66. Senior has incurred, and will continue to incur, expenses in the form of attorneys' fees, court costs, and other litigation expenses in the defense of the Plaintiffs' FAC. By reason of the foregoing, Senior is entitled to recovery from the Third-Party Defendants, and each or any of them, including all ROES, such reasonable attorneys' fees, court costs, and other litigation expenses necessarily incurred as a result of the defense of the FAC. The amount of these expenses is currently unknown but will be established and proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Comparative Indemnity)

### (Against All Third-Party Defendants and all ROES)

67. Senior refers to and incorporates herein by reference each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

68. In the event and to the extent that Senior is found liable either in whole or in part in connection with the matters complained of in the Plaintiffs' FAC, or to any other party, such liability is either fully or in part caused by fraud, misrepresentation, acts, omissions, and/or fault of the Third-Party Defendants, and each of them, including all ROES.

69. By reason of such fault of the Third-Party Defendants, Senior is entitled to comparative indemnification from the Third-Party Defendants and all ROES for any and all damages which might be adjudged to be due and owing in connection with the matters complained of in the Plaintiffs' FAC, including costs and expenses incurred by Senior, in proportion to the percentage of responsibility or liability which the Third-Party Defendants and ROES 101 through 200 bear for the injuries or other damages in connection with Plaintiffs' FAC, or to any other party, pursuant to the doctrine of comparative fault.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

### (Against all Third-Party Defendants and all ROES)

70. Senior refers to and incorporates herein by reference each and every allegation contained in each of the foregoing allegations as if fully set forth herein.

71. A dispute and actual controversy has arisen and exists between Senior and the Third-Party Defendants, including all ROES, as to whether the Third-Party Defendants must indemnify and/or defend Senior for the injuries or other damages alleged in Plaintiffs' FAC.

72. Senior therefore requests a judicial declaration that the Third-Party

Defendants, including all ROES, are obligated under principles of implied, comparative, equitable, or express indemnity to fully indemnify and/or defend Senior against the claims, injuries, or other damages alleged in the Plaintiffs' FAC.

## **PRAYER FOR RELIEF**

WHEREFORE, Senior prays for judgment as follows against the Third-Party Defendants and all ROES:

1. For general and special damages according to proof.
2. In the event Senior becomes liable for any sum to any party for the claims, injuries, or other damages alleged in Plaintiffs' FAC: for judgment on such amount against the Third-Party Defendants, and each or any of them, including all ROES, including such other damages and costs which Senior has incurred or suffered herein.
3. In the event any party recovers a judgment arising from the claims, injuries, or other damages alleged in Plaintiffs' FAC: for indemnification against the Third-Party Defendants, and each or any of them, including all ROES, based upon a comparison of fault among defendants alleged to be at fault for the claims, injuries, or other damages alleged in Plaintiffs' FAC.
4. In the event any party recovers judgment against Senior arising from the claims, injuries, or other damages alleged in Plaintiffs' FAC: for comparative contribution against the Third-Party Defendants, and each or any of them, including all ROES.
5. For declaratory judgment that the Third-Party Defendants, including all ROES, are obligated to indemnify Senior for the full amount of any loss suffered and judgment paid by Senior as a result of the prosecution of the claims, injuries, or other damages alleged in Plaintiffs' FAC, and the full amount of such costs, attorneys' fees, and other expenses Senior many be required to incur in defending against the claims, injuries or

other damages alleged in Plaintiffs' FAC.

6. For costs and prejudgment interest.

7. For such other further relief as the Court deems just and proper.

DATED:  June 20, 2017        BUCHANAN INGERSOLL & ROONEY LLP


By: s/ Kimberly Arouh
KIMBERLY AROUH, ESQ.
Attorneys for Defendant Senior Operations LLC


# DEMAND FOR TRIAL BY JURY

Pursuant to Civil Local Rule 38 and Federal Rule of Civil Procedure 38, Senior Operations LLC hereby demands a trial by jury on all matters so triable.

DATED:  June 20, 2017        BUCHANAN INGERSOLL & ROONEY LLP


By: s/ Kimberly Arouh
KIMBERLY AROUH, ESQ.
Attorneys for Defendant Senior Operations LLC

4815-0038-7146

# CERTIFICATE OF SERVICE

I certify that on the 20th of June 2017, I filed the foregoing *SENIOR OPERATIONS, LLC'S THIRD-PARTY COMPLAINT FOR: (1) INDEMNITY; (2) EQUITABLE CONTRIBUTION; (3)   DECLARATORY RELIEF; JURY DEMAND* with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

DATED:  June 20, 2017    BUCHANAN INGERSOLL & ROONEY LLP

By:  *s/Kimberly Arouh*
     KIMBERLY AROUH
     Attorneys for Defendant
     *Senior Operations LLC*

4815-0038-7146, v. 3