Edward C. Walton (Bar No. 78490)
E-mail: ed.walton@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for AMETEK, Inc. and Thomas Deeney

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

ADAM COX, individually, by and through his durable power of attorney, VICTOR COX, and on behalf of himself and others similarly situated; MARIA OVERTON, individually, and on behalf of herself and others similarly situated; JORDAN YATES, individually, and on behalf of himself and others similarly situated,

Plaintiffs,

v.

AMETEK, INC., a Delaware corporation; THOMAS DEENEY, individually; SENIOR OPERATIONS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Defendants.

AMETEK, INC., a Delaware corporation; THOMAS DEENEY, individually,

Third Party Plaintiffs,

v.

GREENFIELD MHP ASSOCIATES, L.P., a California limited partnership; KORT & SCOTT FINANCIAL GROUP, LLC, a California limited liability company; TUSTIN RANCH PARTNERS, INC., a California corporation; SIERRA

Case No. 3:17-cv-00597-GPC-AGS

THIRD PARTY COMPLAINT OF AMETEK, INC. AND THOMAS DEENEY FOR:
(1) EQUITABLE INDEMNITY,
(2) COMPARATIVE INDEMNITY, AND
(3) DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

Judge: Hon. Gonzalo P. Curiel
Courtroom: 2D (2nd Floor - Schwartz)
Magistrate: Hon. Andrew G. Schopler
Courtroom: 5C (5th Floor - Schwartz)

CORPORATE MANAGEMENT, INC., a California corporation; VILLA CAJON MHC, L.P., a Utah limited partnership; KMC CA MANAGEMENT, LLC, a Utah limited liability company; KINGSLEY MANAGEMENT CORP., a Utah corporation; STARLIGHT MHP, LLC, is a California limited liability company; and ROES 1-100, inclusive,

Third Party Defendants.

Defendants and Third Party Plaintiffs AMETEK, Inc. ("AMETEK") and Thomas Deeney ("Deeney") file this Third Party Complaint for indemnity, equitable contribution and declaratory relief and allege as follows:

## PARTIES

1. Third Party Plaintiff AMETEK is a Delaware Corporation, and a named defendant in the captioned matter.

2. Third Party Plaintiff Thomas Deeney is an individual residing in New Jersey and working in Pennsylvania.

3. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Greenfield MHP Associates, LP (hereinafter, "Greenfield") is a California limited partnership organized and existing under the laws of California, and does business in San Diego, California.

4. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Tustin Ranch Partners, Inc. ("Tustin") is a California corporation, which does business in San Diego, California, and is the general partner of Greenfield.

5. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Kort & Scott Financial Group, LLC ("Kort & Scott") is a California limited liability company, which does business in San Diego, California. AMETEK and Deeney are informed and believe and on that basis allege that Kort &

Scott is a partner, owner, joint venturer, affiliate, subsidiary or agent of Greenfield, Tustin, or other Greenfield Third Party Defendants, as identified herein.

6. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Sierra Corporate Management, Inc. ("Sierra") is a California corporation with its primary place of business in California. AMETEK and Deeney are informed and believe and on that basis allege Sierra is the manager of the Greenfield Mobile Home Park, located at 400 Greenfield Drive, El Cajon, CA (the "Greenfield Park").

7. Collectively, Greenfield, Sierra, Kort & Scott, and Tustin are at times referred to hereafter as "the Greenfield Third Party Defendants."

8. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Villa Cajon MHC, L.P. ("Villa Cajon") is a Utah limited partnership, which does business in San Diego, and which has its principal place of business in San Diego County. Villa Cajon owns Villa Cajon Mobile Home Estate (the "Villa Cajon Park"), located at 255 E. Bradley Avenue, El Cajon, CA 92021.

9. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant KMC CA Management, LLC ("KMC") is a Utah limited liability company, which does business in San Diego, and which has its principal place of business in San Diego County.

10. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Kingsley Management Corp. ("Kingsley") is a Utah corporation, which does business in San Diego, and which has its principal place of business in San Diego County.

11. Collectively, Villa Cajon, KMC, and Kingsley are at times referred to hereafter as "the Villa Cajon Third Party Defendants."

12. AMETEK and Deeney are informed and believe and on that basis allege that Third Party Defendant Starlight MHP, LLC ("Starlight") is a California limited

liability company, which does business in San Diego, California, and which has a principal place of business in Anaheim, California.

13. Collectively, Starlight, Sierra, Kort & Scott, and Tustin are at times referred to hereafter as "the Starlight Third Party Defendants."

14. AMETEK and Deeney are informed and believe and on that basis allege that Starlight owns in whole or in part Starlight Mobile Home Park, located at 351 E. Bradley Avenue, El Cajon, CA 92021(the "Starlight Park")[1].

15. AMETEK and Deeney are informed and believe, and on that basis allege, that the Starlight Park is presently operated by one or more of the Starlight Third Party Defendants.

16. The Greenfield Third Party Defendants, the Villa Cajon Third Party Defendants, the Starlight Third Party Defendants and ROES 1 through 100, are at times referred to hereafter as "the Third Party Defendants."

17. AMETEK and Deeney are presently unaware of the true names and capacities of Third Party Defendants named herein as ROES 1 through 100, inclusive, and will seek leave of court to amend this Third Party Complaint to allege their true names and capacities after the same have been ascertained.

18. AMETEK and Deeney are informed and believe, and on that basis allege, that at all times herein mentioned, the Third Party Defendants, and/or ROES l through 100, inclusive and each of them, individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by AMETEK and Deeney herein.

19. AMETEK and Deeney are informed and believe, and on that basis allege, that at all times mentioned herein, the Third Party Defendants, and/or ROES 1 through 100, and each of them were agents, servants, representatives, co-venturers,

[1] The Greenfield Park, Villa Cajon Park, and Starlight Park shall be collectively referred to hereafter as "the Parks."

and/or employees of each of the other and were acting at all times mentioned herein within the course and scope of said agency, agreements, common purposes or employment.

20. AMETEK and Deeney are informed and believe, and on that basis allege, that at all times herein mentioned, the Starlight Third Party Defendants, and/or ROES l through 100, inclusive and each of them, individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by AMETEK and Deeney herein.

21. AMETEK and Deeney are informed and believe, and on that basis allege, that at all times herein mentioned, the Villa Cajon Third Party Defendants, and/or ROES l through 100, inclusive and each of them, individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by AMETEK and Deeney herein.

22. AMETEK and Deeney are informed and believe, and on that basis allege, that at all times herein mentioned, the Greenfield Third Party Defendants, and/or ROES l through 100, inclusive and each of them, individuals and/or business entities of unknown form are responsible, directly or vicariously, for the events and happenings herein referred to and caused, or are responsible for, in whole or in part the damages sustained by AMETEK and Deeney herein.

## **JURISDICTION AND VENUE**

23. The court has jurisdiction over this Third Party Complaint under 28 U.S.C. §1332(a)(1) because the Third Party Plaintiffs and the Third Party Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

24. The court has jurisdiction under the Class Action Fairness Act (“CAFA”), 28 U.S.C. §1332(d)(2), because diversity of citizenship exists between

Defendants and one or more members of the putative class, and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. CAFA provides for minimal diversity of citizenship where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

25. The court has supplemental jurisdiction under 28 U.S.C. §1367 over this Third Party Complaint because such claims are so related to the claims within the court's exercise of jurisdiction with respect to Plaintiffs' FAC that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

26. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because a substantial part of the property at issue is situated in this district.

## GENERAL ALLEGATIONS

27. In the First Amended Complaint ("FAC"; Dkt. 5), Plaintiffs ADAM COX, by and through his attorney-in-fact VICTOR COX, MARIA OVERTON, and JORDAN YATES (jointly, "Plaintiffs"), both individually and purportedly on behalf of those persons similarly situated, have alleged they are residents of the Villa Cajon Park and/or Greenfield Park, and purport to be representatives of a class of residents of the Parks.

28. Plaintiffs allege that AMETEK operated an aerospace manufacturing business at 790 Greenfield Drive, El Cajon, CA (the "Facility").

29. Plaintiffs allege further that AMETEK, and either its predecessors or successors-in-interest to the Facility ownership and operations, disposed of waste in a manner that caused a chemical plume to form underneath Plaintiffs' residences, and that "groundwater is continuously contaminated by toxic chemicals underneath and on [the Facility], thereby continuously trespassing and causing a known and continuous nuisance." In their Answer and Affirmative Defenses to the FAC,

AMETEK and Deeney deny, inter alia, that either is liable to Plaintiffs in any respect.

30. AMETEK and Deeney are informed and believe and on that basis allege that at some point, Plaintiffs, and those they purport to state claims on behalf of, entered into an ownership, lease, rental, or similar agreement with one or more of the Greenfield Third Party Defendants, the Starlight Third Party Defendants, and the Villa Cajon Third Party Defendants, and/or their predecessors-in-interest, for purposes of occupying their homes at the Greenfield Park, the Starlight Park, or the Villa Cajon Park, respectively.

## **The Greenfield Park**

31. AMETEK and Deeney are informed and believe and on that basis allege that Greenfield, either by itself, or through one or more of the Greenfield Third Party Defendants, or a combination thereof, obtained a ground lease to the Greenfield Park in or around September 1993, which ground lease included an option to purchase the Greenfield Park.

32. AMETEK and Deeney are informed and believe and on that basis allege that subsequent to obtaining the ground lease to Greenfield, Sierra, either alone or in conjunction with one or more of the other Greenfield Third Party Defendants, began to manage the Greenfield Park. AMETEK and Deeney are informed and believe and on that basis allege that Sierra has managed the Greenfield Park at relevant times, and since 1993.

33. AMETEK and Deeney are informed and believe and on that basis allege that Sierra is owned and/or operated by one or more of the other Greenfield Third Party Defendants.

34. AMETEK and Deeney are informed and believe and on that basis allege that in or around June 2004, one or more of the Greenfield Third Party Defendants exercised the purchase option to acquire the Greenfield Park.

35. AMETEK and Deeney are informed and believe and on that basis allege that as part of the acquisition of the Greenfield Park, one or more of the Greenfield Third Party Defendants had the ability to pursue due diligence with respect to the target mobile home park property, namely the Greenfield Park.

36. AMETEK and Deeney are informed and believe and on that basis allege that at or before the time of leasing and/or purchasing the Greenfield Park, one or more of the Greenfield Third Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Greenfield Park which included and disclosed information with respect to environmental conditions impacting the Greenfield Park, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

**The Villa Cajon Park**

37. AMETEK and Deeney are informed and believe and on that basis allege that the Villa Cajon Third Party Defendants, either individually or by a combination thereof, purchased the Villa Cajon Park in or about late 2009 or early 2010. AMETEK and Deeney are informed and believe and on that basis allege that the Villa Cajon Park is now owned and operated by one or more of the Villa Cajon Third Party Defendants.

38. AMETEK and Deeney are informed and believe and on that basis allege that at or before the time purchasing the Villa Cajon Park, one or more of the Villa Cajon Third Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Villa Cajon Park which included and disclosed information with respect to environmental conditions impacting Villa Cajon, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

**The Starlight Park**

39. AMETEK and Deeney are informed and believe and on that basis allege that Starlight, either individually or in a combination with other entities, purchased

the Starlight Park in or about May 2015. AMETEK and Deeney are informed and believe and on that basis allege that the Starlight Park is now owned and operated by one or more of the Starlight Third Party Defendants.

40. AMETEK and Deeney are informed and believe and on that basis allege that at or before the time of purchasing the Starlight Park, one or more of the Starlight Third Party Defendants, or a predecessor-in-interest, was or should have been aware of information, assessments or appraisals of the Starlight Park which included and disclosed information with respect to environmental conditions impacting Starlight, including regarding the subject plume that now forms the basis of Plaintiffs' lawsuit.

**<u>Third Party Defendants' Prior Notice of Environmental Conditions Related to Past Discharges at the Facility</u>**

41. AMETEK and Deeney are informed and believe and on that basis allege that one or more of the Third Party Defendants, and/or their predecessors-in-interest, were put on actual, constructive or inquiry notice of environmental conditions related to the Facility and actual or potential impacts at the Parks from the plume alleged to emanate from the Facility. Such notice includes, but may not be limited to information available from the books and records maintained by the San Diego County Department of Health, the San Diego Regional Water Quality Control Board, or the California Department of Toxic Substances Control, which books and records related to the Facility and groundwater contamination allegedly arising from past discharges at the Facility, and which books and records were in whole or in part publicly accessible and available.

42. By way of one example, AMETEK and Deeney are informed and believe and on that basis allege that the San Diego Regional Water Quality Control Board ("Regional Board") issued one or more public notices, orders, memoranda, or letters regarding the Facility and groundwater contamination allegedly arising from

past discharges at the Facility addressed to the Third Party Defendants, and/or their predecessors-in-interest.

43. This includes a notice sent by the Regional Board to surrounding property owners, including each of the then-owners of the Parks of a pending "Containment Zone Application for Ketema, Inc." on or about January 12, 1999. That 1999 notice stated, in part:

> This letter is to inform you that the San Diego Regional Water Quality Control Board (Regional Board) is considering a request by Ketema, Inc. to designate a Containment Zone as the means to manage ground water pollution beneath and down gradient from their former facility located at 790 Greenfield Drive in El Cajon, California. […]
>
> As an owner of property within the affected area we would like to familiarize you with the history of this release and the actions taken thus far to abate the pollution conditions. Enclosed for your review is a Regional Board Staff Report (Attachment A) which describes the history of this release, impacts to the ground water basin, and the Containment Zone designation process.

44. AMETEK and Deeney are informed and believe and on that basis allege that one or a combination of the Third Party Defendants, and/or their predecessors-in-interest actually received this 1999 notice from the Regional Board.

45. AMETEK and Deeney are informed and believe and on that basis allege that other notices were provided to property owners and residents located near the Facility over time which addressed the issue of past discharges at the Facility, including notices addressed to the Third Party Defendants, and/or their predecessors-in-interest.

46. AMETEK and Deeney are informed and believe and on that basis allege that the Third Party Defendants, and/or their predecessors-in-interest were on actual

notice of the issue of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Parks.

47. AMETEK and Deeney are informed and believe and on that basis allege that one or more of the Greenfield Third Party Defendants were the managers and ground lease holders of the Greenfield Park at the time of this 1999 notice from the Regional Board, and were put on actual or constructive notice of same.

48. AMETEK and Deeney are informed and believe and on that basis allege that the Greenfield Third Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath Greenfield upon acquisition of Greenfield in or around 2004, if not before.

49. By way of one further example, AMETEK is informed and believes that the Starlight Third Party Defendants' predecessor-in-interest communicated with the Regional Board representatives beginning in 1999, and several times thereafter, regarding the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Starlight Park.

50. AMETEK and Deeney are informed and believe and on that basis allege that in or around 2009 the Starlight Third Party Defendants' predecessor-in-interest granted permission for installation of a groundwater monitoring well at the Starlight Park in order for the investigation of the plume conditions to continue.

51. AMETEK and Deeney are informed and believe and on that basis allege that the Starlight Third Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath the Starlight Park upon acquisition of the Starlight Park in or around 2015, if not before.

52. AMETEK and Deeney are informed and believe and on that basis allege that the Villa Cajon Third Party Defendants were presented with documents during the pre-acquisition due diligence period which identified the Facility, and the matter

of past discharges at the Facility, as well as the investigation of the underground plume, as well as the publicly-accessible and available records maintained by the relevant agencies addressing such investigation, including but perhaps not limited to one or more Phase I environmental assessments dated in or around 2008.

53. AMETEK and Deeney are informed and believe and on that basis allege that the Villa Cajon Third Party Defendants acquired actual or constructive knowledge of the history of past discharges at the Facility, as well as the investigation of the underground plume and its impact beneath Villa Cajon upon acquisition of Villa Cajon in late 2009 or early 2010, if not before.

54. AMETEK and Deeney are informed and believe and on that basis allege that any reasonably prudent inquiry, based on the information known to each of the Starlight Third Party Defendants, the Villa Cajon Third Party Defendants, and the Greenfield Third Party Defendants, and each of them, would have included the review of information regarding the Facility and the status of the investigation of the underground plume and impacts beneath the parks, which was known to the agencies and the surrounding community at and before the time of their respective acquisitions of such properties.

55. AMETEK and Deeney are informed and believe and on that basis allege that each of the Starlight Third Party Defendants, the Villa Cajon Third Party Defendants, and the Greenfield Third Party Defendants, and each of them, learned of such facts regarding the underground plume and impacts beneath the parks, which were known to the agencies and the surrounding community at the time of their acquisitions of their respective Parks, or unreasonably failed to learn such facts by conducting inadequate due diligence.

**<u>Third Party Defendants' Failure and Refusal</u>**
**<u>to Notify Park Residents of Known Environmental Conditions</u>**

56. AMETEK and Deeney are informed and believe and on that basis allege that the Third Party Defendants, including the Starlight Third Party Defendants, the

Villa Cajon Third Party Defendants, and the Greenfield Third Party Defendants, and each of them, had a duty to reasonably conduct an investigation of their respective mobile home park properties prior to their respective acquisitions of same in order to alert them of any conditions that might affect such properties and their respective tenants.

57. On or about July 10, 2015, Greenfield, Villa Cajon, and Starlight filed a lawsuit against AMETEK, alleging claims for negligence, trespass and nuisance, among other things, arising from the groundwater plume alleged to emanate from the Facility and extend beneath their respective properties.

58. AMETEK and Deeney are informed and believe and on that basis allege that each of the Third Party Defendants, and each of them, were aware of the facts providing the basis of such lawsuit prior to the filing thereof, since they each ostensibly approved of the filing of such lawsuit against AMETEK alleging property damages allegedly related to the plume.

59. AMETEK and Deeney are informed and believe and on that basis allege that none of the Third Party Defendants, nor any of them, disclosed the filing of such lawsuit against AMETEK to the residents of their respective parks at the time of filing or for a significant amount of time thereafter, amounting to nearly a year and a half after filing.

60. AMETEK and Deeney are informed and believe and on that basis allege that the Third Party Defendants, and each of them, had a duty to deal honestly with Plaintiffs, and those similarly situated, in negotiating lease agreements and disclosing information or concerns which residents of their respective Parks would find material in deciding to live at such Parks.

61. AMETEK and Deeney are informed and believe and on that basis allege that the Third Party Defendants, and each of them, failed and refused to timely disclose any concerns or issues regarding the potential impact of the alleged groundwater contamination emanating from the Facility on or below any of their

respective Parks, despite possessing actual or constructive knowledge of same, prior to and/or in the course of dealing and contracting with Plaintiffs, and others, who reside or have resided at their respective Parks.

62. Due to such failures to disclose material facts in contracts with, or disclosures, notices, letters, advisements, dealings or otherwise to the residents of their respective mobile home parks, on or about March 24, 2017, Plaintiffs filed suit against AMETEK, Deeney, and others, alleging Negligence, Gross Negligence, Private/Public Nuisance, and Trespass, allegedly arising from the soil and groundwater contamination emanating from the Facility.

## FIRST CAUSE OF ACTION

(*Equitable Indemnity*)

(*Against All Third Party Defendants and all ROES*)

63. AMETEK and Deeney refer to and incorporate herein by reference each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

64. AMETEK and Deeney each herein deny any wrongdoing or liability in connection with the matters complained of in the Plaintiffs' FAC; however, in the event and to the extent AMETEK or Deeney are held liable to Plaintiffs based on such claims, such liability arises in whole or in part from the fraud, misrepresentation, acts, omissions, and/or fault of the Third Party Defendants, and each of them, and/or ROES 1-100, and each of them, and not the result of the acts or omissions of AMETEK or Deeney.

65. In the event and to the extent that AMETEK and Deeney are held liable in connection to the matters complained of in the Plaintiffs' FAC, or to any other party in this action, such liability only arises by reason of the active and primary fault of the Third Party Defendants, and each of them, and/or ROES 1-100, and each of them, and not due to the fault of AMETEK or Deeney, whose fault, if any, is secondary and passive.

66. By reason of the foregoing, AMETEK and Deeney are each entitled to equitable indemnification and/or equitable contribution from the Third Party Defendants, and each of them, including all ROES.

67. AMETEK and Deeney have incurred and will continue incurring expenses in the form of attorneys' fees, court costs and other litigation expenses in the defense of the Plaintiffs' FAC. By reason of the foregoing, AMETEK and Deeney are entitled to recovery from the Third Party Defendants, and each or any of them, including all ROES, such reasonable attorneys' fees, court costs, and other litigation expenses necessarily incurred as a result of the defense of the Plaintiffs' FAC. The amount of these expenses is currently unknown but will be established and proven at the time of trial.

## SECOND CAUSE OF ACTION

(*Comparative Indemnity*)

(*Against All Third Party Defendants and all ROES*)

68. AMETEK and Deeney refer to and incorporate herein by reference each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

69. In the event and to the extent that AMETEK or Deeney are held liable either in whole or in part in connection with the matters complained of in the Plaintiffs' FAC, or to any other party, such liability is either fully or in part caused by fraud, misrepresentation, acts, omissions, and/or fault of the Third Party Defendants, and each or any of them, including all ROES.

70. By reason of such fault of the Third Party Defendants, and each or any of them, and all ROES, AMETEK and Deeney are entitled to comparative indemnification from the Third Party Defendants, and each or any of them, including all ROES, for any and all damages which might be adjudged to be due and owing in the Underlying Action, including costs and expenses incurred by AMETEK or Deeney, in proportion to the percentage of responsibility or liability which the Third

Party Defendants, and each or any of them, and ROES 1-100 bear for the injuries or other damages in connection with Plaintiffs' FAC, or to any other party, pursuant to the doctrine of comparative fault.

## THIRD CAUSE OF ACTION

(*Declaratory Relief*)

(*Against All Third Party Defendants and all ROES*)

71. AMETEK and Deeney refer to and incorporate herein by reference each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

72. A dispute and actual controversy has arisen and exists between AMETEK and Deeney, on the one hand, and the Third Party Defendants, and each or any of them, including all ROES, on the other hand, as to whether the Third Party Defendants must indemnify and/or defend AMETEK or Deeney for the injuries or other damages alleged in Plaintiffs' FAC.

73. AMETEK and Deeney therefore request a judicial declaration that the Third Party Defendants, including all ROES, are obligated under principles of implied, comparative, equitable, or express indemnity to fully indemnify and/or defend AMETEK and Deeney from the claims, injuries or other damages alleged in Plaintiffs' FAC.

## PRAYER FOR RELIEF

WHEREFORE, AMETEK and Deeney pray for judgment as follows:

1. For general and special damages according to proof.
2. In the event AMETEK or Deeney become liable for any sum to any party for the claims, injuries or other damages alleged in Plaintiffs' FAC: for judgment on such amount against the Third Party Defendants, and each or any of them, including all ROES, including such other damages and costs which AMETEK and Deeney have incurred or suffered herein.

3. In the event that any party recovers a judgment arising from the claims, injuries or other damages alleged in Plaintiffs' FAC: for indemnification against the Third Party Defendants, and each or any of them, including all ROES, based upon a comparison of fault among defendants alleged to be at fault for the claims, injuries or other damages alleged in Plaintiffs' FAC.
4. In the event any party to recovers judgment arising from the claims, injuries or other damages alleged in Plaintiffs' FAC: for comparative contribution against the Third Party Defendants, and each or any of them, including all ROES.
5. For declaratory judgment that the Third Party Defendants, and each or any of them, including all ROES, are obligated to indemnify AMETEK and Deeney for the full amount of any loss suffered and judgment paid by AMETEK or Deeney as a result of the prosecution of Plaintiffs' FAC in this Court, and the full amount of such costs, attorneys' fees, and other expenses AMETEK or Deeney may be required to incur in defending against the claims, injuries or other damages alleged in Plaintiffs' FAC.
6. For costs and prejudgment interest.
7. For such other further relief as the Court deems just and proper.

DATED: June 27, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Edward C. Walton
Edward C. Walton
Sean M. Sullivan
Attorneys for AMETEK, Inc. and Thomas Deeney

**DEMAND FOR TRIAL BY JURY**

Pursuant to Civ.LR 38, and Fed.R.Civ.P. 38, AMETEK, Inc. and Thomas Deeney, hereby each demand a trial by jury on all matters so triable.

DATED: June 27, 2017

**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**

By: /s/ Edward C. Walton
Edward C. Walton
Sean M. Sullivan
Attorneys for AMETEK, Inc. and Thomas Deeney

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2017, I filed the foregoing *THIRD PARTY COMPLAINT OF AMETEK, INC. AND THOMAS DEENEY FOR: (1) EQUITABLE INDEMNITY, (2) COMPARATIVE INDEMNITY, AND (3) DECLARATORY RELIEF; DEMAND FOR JURY TRIAL* with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

DATED: June 27, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP

By: */s/ Edward C. Walton*
Edward C. Walton
Sean M. Sullivan
Attorneys for AMETEK, Inc. and Thomas Deeney