UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM COX, individually, by and through his durable power of attorney, VICTOR COX, and on behalf of himself and others similarly situated; MARIA OVERTON, individually, and on behalf of herself and others similarly situated; JORDAN YATES, individually, and on behalf of himself and others similarly situated;<br><br>                      Plaintiffs,<br>v.<br>AMETEK, INC., a Delaware corporation; THOMAS DEENEY, individually; SENIOR OPERATIONS LLC, a limited liability company; and DOES 1 through 100, inclusive,<br>                      Defendants. | Case No.: 3:17-cv-00597-GPC-AGS<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) CERTIFYING SETTLEMENT CLASS, (3) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, (4) APPROVING NOTICE PLAN, AND (5) SETTING FINAL APPROVAL HEARING** |
| SENIOR OPERATIONS, LLC, a Delaware limited liability company,<br><br>                      Third-Party Plaintiff,<br>v.<br><br>GREENFIELD MHP ASSOCIATES, L.P., a California limited partnership; KORT & SCOTT FINANCIAL GROUP, LLC, a California limited liability company; | |

| | |
|---|---|
| 1 | TUSTIN RANCH PARTNERS, INC., a California corporation; SIERRA CORPORATE MANAGEMENT, INC., a California corporation; VILLA CAJON MHC, L.P., a Utah limited partnership; KMC CA MANAGEMENT, LLC, a Utah limited liability company; KINGSLEY MANAGEMENT CORP., a Utah corporation; STARLIGHT MHP, LLC, is a California limited liability company; and ROES 101-200, inclusive, |
| | Third-Party Defendants. |

| | |
|---|---|
| | AMETEK, INC., a Delaware corporation; THOMAS DEENEY, individually; |
| | Third-Party Plaintiff, |
| | v. |
| | GREENFIELD MHP ASSOCIATES, L.P., a California limited partnership; KORT & SCOTT FINANCIAL GROUP, LLC, a California limited liability company; TUSTIN RANCH PARTNERS, INC., a California corporation; SIERRA CORPORATE MANAGEMENT, INC., a California corporation; VILLA CAJON MHC, L.P., a Utah limited partnership; KMC CA MANAGEMENT, LLC, a Utah limited liability company; KINGSLEY MANAGEMENT CORP., a Utah corporation; STARLIGHT MHP, LLC, is a California limited liability company; and ROES 101-200, inclusive, |
| | Third-Party Defendants. |

Currently before the Court is Plaintiffs Adam Cox, Maria Overton and Jordan Yates' ("Plaintiff") unopposed motion for preliminary approval of class settlement and provisional settlement class certification under Rule 23 of the Federal Rules of Civil Procedure. Given the Court's familiarity with this settlement,[1] the Court finds the matter suitable for disposition without oral argument and **VACATES** the hearing currently set for June 8, 2020. This Court has reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on that review and the findings below, the Court finds good cause to grant the motion.[2]

**FINDINGS:**

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval"). This settlement was the result of three separate settlement conferences, two held by Magistrate Judge Andrew Schopler in January and March 2019 and one held by the undersigned in September 2019. Each party was represented at those conferences by sophisticated and zealous counsel, and the final settlement agreement reflects hard-won concessions by all sides.

---

[1] Following a referral from Hon. Gonzalo P. Curiel, the undersigned held a settlement conference on September 20, 2019 that resulted in a global settlement of four related actions (15cv1394; 15cv1525; 17cv597; 19cv1361). The parties consented to the undersigned retaining jurisdiction to approve class settlements and to resolve disputes related to those settlements. The undersigned is familiar with the factual background of these cases and the terms of the settlement.

[2] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

2. The Full Notice, U.S. Mail Notice, Email Notice, Publication Notices, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notices, and Claim Form are preliminarily approved.

2. **Provision of Class Notice.** Class Members shall be notified of the settlement in the manner specified under Section 22 of the Settlement Agreement.

3. **Claim for Settlement Benefits.** Class Members who want to receive settlement benefits under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator consistent with Section 30 of the Settlement Agreement, and in no event later than two years after entry Final Approval in this matter by the Court, as set forth in Section 25 of the Settlement Agreement.

4. **Objection to Settlement.** Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver a written objection to the Claims Administrator no later than thirty (30) calendar days before the Final Approval hearing. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (a) the name and case number of the Action "*Cox, et al. v. Ametek, Inc., et al.*, Case No. 17-cv-00597"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (e) facts showing that the person objecting is a Class Member. The written

objection must be signed and dated and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." Any Class Member who submits a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members or their attorneys intending to make an appearance at the Fairness Hearing, however, must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely written objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action "*Cox, et al. v. Ametek, Inc., et al.*, Case No. 17-cv-00597"; (b) the full name, address and telephone number of the person requesting exclusion (email address is optional); and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than thirty (30) calendar days before the Final Approval hearing.

7. **Provisional Certification for Settlement Purposes.** For purposes of settlement the Classes are provisionally certified as follows:

<u>Medical Consultation Program Subclass:</u>

Every person who resided in the following mobile home parks for one or more calendar year between January 1, 1963, and April 13, 2020: 1) Greenfield Mobile Estates, 400 Greenfield Drive, El Cajon, California 92021; 2) Starlight Mobile Home Park 351 E Bradley Avenue, El Cajon, California 92021; 3) Villa Cajon Mobile Home Estates, 255 E Bradley Ave., El Cajon, California 92021.

<u>Mobile Home Coach Mitigation System Subclass:</u>

Every person who as of April 13, 2020, owns the mobile home coach at the following locations: 1) Greenfield Mobile Estates, 400 Greenfield Drive, El Cajon, California 92021; Starlight Mobile Home Park, 351 E Bradley Avenue, El Cajon, California 92021; Villa Cajon Mobile Home Estates, 255 E Bradley Ave., El Cajon, California 92021.

8. **Conditional Appointment of Class Representative and Class Counsel.** For purposes of settlement, Plaintiffs Maria Overton and Jordan Yates are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. For purposes of settlement, the law firms of Baron and Budd and Gomez Trial Attorneys are conditionally appointed as Class Counsel for settlement purposes. Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) Class Certification for settlement purposes will be automatically vacated; (b) Plaintiffs will revert to their prior status as non-settlement Class representatives; (c) Plaintiffs' counsel will stop functioning as settlement Class Counsel, but will revert to their prior status as non-settlement Class counsel; and (d) this action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments regarding class certification or any trial of any claims.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.** All pretrial and trial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **CAFA Notice.** The Court finds that Defendants have complied with 28 U.S.C. §1715(b).

13. **Fairness Hearing.** On **August 24, 2020, at 11:30 a.m.**, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
|---|---|---|
| Preliminary Approval Granted | Day 1 | |
| Class Settlement Website Activated | On or before Day 15 | |

| Event | Timing | Date |
|---|---|---|
| Notice First Published in Print Sources | Day 30 or as soon as reasonably possible after Order Granting Preliminary Approval | |
| Class Counsel to File Motion for Attorney's Fees and Costs and Incentive Awards | 45 days before Final Approval Hearing | |
| Last Day to Postmark or Submit Objection or Request for Exclusion Online | 30 days before Final Approval Hearing | |
| Parties to File Motion for Final Approval | 30 days before Final Approval Hearing | |
| Parties to Respond to Objectors | 14 days before Final Approval Hearing | |
| Final Approval Hearing | | August 24, 2020, subject to Court availability |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Defendants will not be required to provide any additional notice to Class Members.

\* \* \*

**IT IS SO ORDERED.**

Dated: April 13, 2020

_Larry A. Burns_
Hon. Larry Alan Burns
Chief United States District Judge